PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES LEONARD GALLOWAY, ) | |
| ) | CASE NO. 4:15CV2276 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| FCI ELKTON MEDICAL DEPT., ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** |

**I. Background**

*Pro se* Plaintiff Charles Leonard Galloway is a federal prisoner incarcerated at FCI Elkton. He has filed this civil rights action against the FCI Elkton Medical Department on a form complaint used to assert claims under 42 U.S.C. § 1983.[1] The only allegations the plaintiff sets forth in his complaint are that he went to sick call for medical help in connection with a speech impairment, but Dr. Dunlop accused him of faking his medical issue and sent him to a special housing unit. Plaintiff seeks $10 million in damages. ECF No. 1 at PageID #: 3.

**II. Standard of Review**

Although pleadings filed by *pro se* litigants are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal courts are required under 28 U.S.C. § 1915A to screen and dismiss before service

---

[1] Plaintiff originally filed the Complaint (ECF No. 1) in the District of Maryland where he was convicted, but the case was transferred to the Northern District of Ohio. *See* Order (ECF No. 3).

(4:15CV2276)

any action in which a prisoner seeks redress from a governmental entity that the court determines is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A).

### III. Law and Analysis

Plaintiff's Complaint (ECF No. 1) must be dismissed pursuant to 28 U.S.C. § 1915A. Because Plaintiff is a federal prisoner suing the medical department of a federal prison, he cannot assert a claim for damages under 42 U.S.C. § 1983, as that statute only prohibits constitutional violations by defendants who act under color of state law. *See* § 1983; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) established a limited private right of action for damages against individual federal government officials who are alleged to have violated a citizen's constitutional rights under color of federal law. However, Plaintiff has not alleged a plausible claim because a *Bivens* action may only be asserted against individual federal officials. No *Bivens* claim lies against a federal prison's medical department, as Plaintiff alleges here. *See Correctional Services Corp. of America v. Malesko*, 534 U.S. 61, 70, 72 (2001) (holding that "[t]he purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" and that "[i]f a prisoner in a [Bureau of Prisons] facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer,"

2

(4:15CV2276)

not the United States or the Bureau of Prisons); *see also* Hix. v. Tennessee Dept. of Corrections, 196 Fed. Appx. 350, 356 (6th Cir. 2006) (a prison's medical department is not a person subject to suit for constitutional violations under 42 U.S.C. § 1983).

Additionally, Plaintiff has failed to allege a viable *Bivens* claim because he has not alleged facts suggesting he has exhausted his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, requires prisoners to exhaust all administrative remedies before suing in federal court. In order for a federal prisoner to pursue a *Bivens* claim, he must demonstrate he pursued administrative remedies available to him through the Bureau of Prisons' grievance process. See *Hinton v. Parsons*, 73 Fed. Appx. 872 (6th Cir. 2003). Nothing in the Complaint (ECF No. 1) indicates Plaintiff followed the proper administrative steps to bring his claim or claims to the attention of the Bureau of Prisons before filing this lawsuit. Accordingly, his complaint must be dismissed for failure to exhaust administrative remedies. See *Hinton*, 73 Fed. Appx. at 874; *Okoro v. Scibana*, 63 Fed. Appx. 182, 184 (6th Cir. 2003) (affirming district court's grant of summary judgment on federal prisoner's *Bivens* claim, but noting that the district court should have dismissed the prisoner's complaint for failure to exhaust administrative remedies).

Finally, to the extent the Complaint (ECF No. 1) could be construed as alleging an ordinary tort claim, rather than a constitutional civil rights violation under *Bivens*, it is also subject to dismissal. Tort actions against the United States may be brought only under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Before a plaintiff may bring a tort action against the United States under the FTCA, he must first exhaust his administrative

(4:15CV2276)

remedies by presenting his claim to the proper federal agency and that agency must deny his claim. *See* 28 U.S.C. § 2675(a). Plaintiff nowhere suggests he has properly exhausted a tort claim under the FTCA.

### IV. Conclusion

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's Motion for Appointment of Counsel (ECF No. 6) is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

 January 29, 2016                           */s/ Benita Y. Pearson* 
Date                                              Benita Y. Pearson
                                                         United States District Judge

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.